OHIO TRACTION CO. v. JENNINGS MILLER.
OHIO TRACTION CO. v. LOUISE BREITHOLLE.

COLLISION BETWEEN AUTOMOBILE AND STREET CAR CAUSED BY UNEXPECTED
CHANGE IN COURSE OF THE FORMER NOT TO BE ANTICIPATED BY MOTOR-
MAN, NOT GROUND FOR RECOVERY.

Conflicting testimony tending to show that an automobile attempt-
ing to pass between came into collision almost simultaneously
with two cars belonging to different companies and approaching
on parallel tracks, and injuring a passenger on the car probably
last to strike the automobile by being burned by an explosion
of the gasoline tank thereon, is not sufficient to warrant a verdict
in favor of such passenger, the unexpected change of course by
the automobile not being one to be anticipated and guarded
against by the motorman.

OHIO TRACTION CO. v. MILLER.

ERROR to common pleas court.

*George H. Warrington,* for plaintiff in error.
*Workum & Bowdle,* for defendant in error.

**GIFFEN, P. J.**

The plaintiff in the original action was a passenger on a
Millcreek Valley car owned and operated by the defendant, the
Ohio Traction Company, and was burned and otherwise injured
by the explosion of gasoline on an automobile which collided
with a Vine-Norwood car running south on Vine street hill
while the Millcreek Valley car was running north, and it is
claimed in the petition that the defendant, knowing that the
collision had occurred, and that the automobile was on the
northbound track, negligently and willfully ran its car against
and upon the automobile.

The plaintiff's testimony and that of two of his witnesses,
at least, support his theory of the case; but one of his wit-
nesses, Miss Cobham, is uncertain whether the automobile col-
lided first with the Millcreek Valley car or with the Vine-

Traction Co. v. Miller.

Norwood car. The great weight of the testimony, however, shows that the collision, if any, between the automobile and the Millcreek Valley car was almost the same instant it struck the Vine-Norwood car. It is not unexpected nor unusual that accounts of an accident of this character given by eye-witnesses vary as to time, distance and other details, especially when observed under conditions of great excitement and confusion; and we conclude. from all the evidence that the plaintiff is mistaken in his recollection and recital of the facts.

It is rightly claimed by counsel that the defendant company was bound to exercise, for the protection of its ,passengers, the highest degree of care consistent with the practical operation of its road; but a careful reading of the testimony fails to disclose any violation of that duty. The testimony shows that there was room for the automobile to pass the Millcreek Valley car on the left-hand or the Vine-Norwood car on the right-hand side of the street, and that there was no other vehicle or obstruction in the way. There being no necessity for the driver of the automobile to pass around the left side and in front of the Vine-Norwood car, the motorman on the Millcreek Valley car had no reason to anticipate such attempt; but on the contrary might well assume that he would take one of the two ways open for such travel. After the collision with the Vine-Norwood car, the explosion followed so soon and the flames from the burning gasoline so completely surrounded, the motorman and his car that he was powerless to avoid the consequences. The instinct of self-preservation would tend to restrain the motorman from doing that which he is charged in the petition with doing, and the manifest weight of the testimony exonerates him. The judgment will be reversed for error in overruling the motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence, and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.

Hamilton County.

### OHIO TRACTION CO. v. BREITHOLLE.

ERROR to common pleas court.

*George H. Warrington,* for plaintiff in error.

*S. A. West* and *Frazier & Hicks,* for defendant in error.

**GIFFEN, P. J.**

The plaintiff below, Louise Breitholle, was a passenger on one of the cars of the defendant company, and after describing a collision between an automobile and a car operated by the Cincinnati Traction Company while both were descending Vine street hill, which as alleged left the automobile across the track upon which the defendant's car was ascending, and about 100 feet in front of the car, charges negligence as follows:

"That after said automobile had been so thrown on and near the track upon which defendant's car was being run, all of which the defendant then and there had the means of knowing and did know, the defendant then and there carelessly and negligently failed and neglected to control and operate its said car so as to avoid coming in contact with the said automobile, but carelessly ran said car into said automobile."

This is a clear cut charge of negligence concerning which there ought not to be much conflict of testimony, yet there is such conflict not only between the testimony offered by the plaintiff and that offered by the defendant, but also in the testimony of the witnesses on either side.

Mrs. Fiscus, a witness called by the plaintiff, testified that while standing on the steps in front of her house on the east side of Vine street she saw the automobile collide with a Norwood car; that defendant's car was at the time about 75 feet south of the automobile, and continued slowly up the hill until stopped about 15 feet south of the automobile, from which the burning gasoline flowed down the hill and set fire to the car. This testimony does not support plaintiff's theory of the case, and is discredited by the testimony of her sister, who was next called by the plaintiff, and said that they were both in the house when the collision took place and when they came out the car was burning.

Traction Co. v. Miller.

The Nulsen sisters (called by plaintiff), who were in the automobile, were unable to state whether the Millcreek Valley car operated by the defendant collided with the automobile, although very close to it when stopped. One of them testified that defendant's car "was just turning the curve" when the collision between the Vine and Norwood car happened, which she estimated to be 75 or 80 feet away, whereas by actual measurement it was more than 700 feet. Her inability to accurately state the distance is excusable, but her statement that the car "was just turning the curve" is not supported by any other testimony.

The motorman on the Vine-Norwood car testified that after the automobile struck his car he looked around and the automobile and the other car "hit while I was looking." And again, "but the cars were so close together that the other crash came almost instantly." The witness, Keys, called by the defendant, was a passenger on the Millcreek Valley car, sitting in the second seat from the front on the left hand side, and testified upon cross-examination as follows:

"Q. Then if there was a collision between the automobile and the Vine-Norwood car, you didn't see it? A. Well, I saw it just as that happened, but I didn't see the car before.

"Q. I see. The first that you really knew was when your car, that is, the Millcreek Valley car, was within five feet of the automobile? A. Yes, sir.

"Q. And your car, you think, ran up and touched the automobile? A. Well, rather the automobile ran down and touched the car.

"Q. The automobile was still running, was it? A. The car stopped first according to my recollection."

The natural explanation of this testimony from all the evidence is that the automobile was thrown against the Millcreek Valley car by the Vine-Norwood car which the witness did not, at that moment, see.

There is, however, very little conflict in the testimony of the passengers on the Vine-Norwood car, which, being open, afforded a better opportunity for accurate observation, and is in substance that the automobile in the attempt to pass in front

of the Vine-Norwood car struck it near the front part, and that the collision with the defendant's car, if any, was almost instantly thereafter. There is of course testimony tending to sustain the charge of negligence; but the great weight of the evidence is against it.

The attempt of the driver of the automobile to pass in front of the Vine-Norwood car was wholly unnecessary and so reckless that the motorman on defendant's car could not reasonably anticipate that he would make such attempt.

The defendant offered in evidence an ordinance of the city of Cincinnati providing that vehicles shall keep to the right hand side of the street and near the curb, so as to give those moving at greater speed the use of the central part of the street. Why this ordinance was introduced by the defendant does not appear; but counsel for plaintiff seek to thereby excuse the chauffeur for his failure to pass the defendant's car on the left hand side of the street. The proper observance of a city ordinance is in itself, of course, commendable; but we fail to see how the motorman could anticipate that, while the chauffeur would duly obey the city ordinance, he would at the same time violate every rule of common sense, and thereby risk not only his own life but a score of other lives. The verdict of the jury appears to have been the result of sympathy with the plaintiff, or prejudice against the defendant, and ought not to stand. The judgment will therefore be reversed and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.